IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FAUSTINO ROBINSON,

      Plaintiff,                          No. CIV S-06-2152 GEB DAD PS

      v.

SERGEANT BEOR, et al.,          <u>ORDER  AND</u>

      Defendants.             <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff, a former state prisoner proceeding pro se, filed an incomplete request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  On November 8, 2006, plaintiff was ordered to pay the filing fee or submit a properly completed in forma pauperis application.  Plaintiff subsequently filed two in forma pauperis applications.

        Plaintiff's properly completed in forma pauperis applications make the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry.  Under 28 U.S.C. § 1915(e)(2), the court is required to dismiss an in forma pauperis case at any time if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

1

1  an immune defendant.  A claim is frivolous when it lacks an arguable basis either in law or in
2  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Balistreri v. Pacifica Police Dep't, 901
3  F.2d 696, 699 (9th Cir. 1990).  To state a claim on which relief may be granted, the plaintiff must
4  allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v.
5  Twombly, ___ U.S. ___, ___, No. 05-1126, 2007 WL 1461066, at *14 (U.S. May 21, 2007).

6         In considering whether a complaint states a cognizable claim, the court accepts as
7  true all material allegations and construes the allegations in the light most favorable to the
8  plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of
9  Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir.
10 1989).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.
11 Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true
12 conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western
13 Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

14        In the one-page complaint before the court, the caption identifies the defendants as
15 Sergeant Beor and Officer Alvarado of New Folsom Prison.  Plaintiff alleges that the following
16 events occurred on November 30, 1987:  Officer Alvarado told plaintiff that all prisoners had to
17 go out to the yard because a technician was coming to fix the door; plaintiff told the officer he
18 would go wherever they wanted him to go; while Officer Alvarado was talking to a sergeant,
19 plaintiff decided he did not want to leave his cell and subsequently refused to leave his cell;
20 Officer Alvarado and approximately five other officers extracted plaintiff from his cell; during
21 the cell extraction, plaintiff was shot four times with a Taser, which almost killed him and has
22 caused him to suffer high blood pressure ever since.  Plaintiff contends that he was treated in a
23 discriminatory and disrespectful manner and the Taser shooting should be treated as a criminal
24 act.  Plaintiff seeks $60,000,000.00 as compensation for mental and physical suffering.

25        Plaintiff's complaint does not set forth grounds for this court's jurisdiction.  On
26 the basis of the civil cover sheet attached to plaintiff's complaint and plaintiff's reference to

discrimination, the court has construed the action as one brought pursuant to 42 U.S.C. § 1983. Section 1983 provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's complaint contains no allegation against defendant Beor.  It is possible that defendant Beor was the sergeant that defendant Alvarado talked to.  If so, the vague mention of this supervisory defendant does not establish a causal link between defendant Beor and any violation of plaintiff's rights on November 30, 1987.  Plaintiff's complaint fails to state a claim upon which relief may be granted as to defendant Beor.

Plaintiff's allegations against defendant Alvarado are as follows:  Officer Alvarado, who is Chicano, told plaintiff that all prisoners had to go out to the yard because a

3

technician was coming to fix the door; Alvarado talked to a sergeant; after plaintiff refused to leave his cell, Alvarado and five other officers extracted plaintiff from his cell. Plaintiff's factual allegations demonstrate that there was a legitimate penological reason for requiring prisoners to leave their cells, plaintiff refused to leave his cell, and prison officials had to use force to remove him. Plaintiff has alleged no facts demonstrating that defendant Alvarado or any other officer used more force than was necessary to overcome plaintiff's refusal to leave his cell. Plaintiff's allegation of a criminal act is therefore unsupported, both factually and legally.

Plaintiff's allegation of discrimination is also unsupported both factually and legally. Under the Fourteenth Amendment, no state shall deny any person within its jurisdiction the equal protection of the laws. This provision "is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). A plaintiff may state a claim of discrimination under § 1983 by alleging facts showing that the defendant acted with the intent or purpose of discriminating against the plaintiff based on the plaintiff's membership in a protected class. Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Here, the plaintiff has not alleged membership in a protected class and has not alleged facts showing that he was treated differently from similarly situated persons. See Rodriguez v. Cook, 169 F.3rd 1176, 1179 (9th Cir. 1999) (prisoners are not a protected class); Levingston v. Plummer, No. C 94-4020 VRW, 1995 WL 23945, at *1 (N.D. Cal. Jan. 9, 1995) (prisoners and non-prisoners are not similarly situated). A plaintiff may also state a discrimination claim under § 1983 by alleging facts showing that a law or rule was not applied evenhandedly to him. See McQueary v. Blodgett, 924 F.2d 829, 834-35 (9th Cir. 1991). Here, plaintiff's allegations do not establish a prima facie case of such discrimination. See United States v. Estrada-Plata, 57 F.3d 757, 760 (9th Cir. 1995).

Plaintiff's complaint fails to state any claim upon which relief can be granted. Plaintiff should not be granted leave to amend his complaint because it appears from the face of the pleading that plaintiff's action is barred by the applicable statute of limitations.

4

In civil rights cases brought pursuant to § 1983, federal courts apply the forum state's statute of limitations for personal injury claims, as well as the forum state's law regarding tolling, to the extent that such law is not inconsistent with federal law. Hardin v. Straub, 490 U.S. 536, 537-38 (1989); Wilson v. Garcia, 471 U.S. 261, 269, 276 (1985); Johnson v. California, 207 F.3d 650, 653 (9th Cir. 2000) (per curiam); Bacon v. City of Los Angeles, 843 F.2d 372, 374 (9th Cir. 1988). Federal law controls the question of when a claim accrues. See Johnson, 207 F.3d at 653; Elliott v. Union City, 25 F.3d 800, 801-02 (9th Cir. 1994). In general, a claim accrues when the plaintiff knows, or should know, of the injury which is the basis of the plaintiff's cause of action. See Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir. 1996).

Under California law prior to 2003, the statute of limitations applicable to personal injury claims was one year. Cal. Code Civ. Proc. § 340(3) (West 2007); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). The statute of limitations for personal injury claims was increased to two years effective January 1, 2003. Cal. Code Civ. Proc. § 335.1 (West 2007). However, the Ninth Circuit has determined that the two-year statute of limitations is not retroactive to claims that accrued prior to 2003 except for claims made by victims of the terrorist attacks on September 11, 2001. Stanley v. Trustees of Cal. State Univ., 433 F.3d 1129, 1136 (9th Cir. 2006); Jones, 393 F.3d at 927; Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004). Thus, the one-year statute of limitations applies to plaintiff's claims in the present action because plaintiff's claims accrued in 1987.

Prior to 1995, California prisoners incarcerated for a term less than life were entitled to unlimited tolling of the statute of limitations during their incarceration. Cal. Code Civ. Proc. § 352(a); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Pursuant to an amendment effective January 1, 1995, California law now provides that prisoners incarcerated for a term less than life are entitled to a maximum of two years of tolling during the disability of incarceration. Cal. Code Civ. Proc. § 352.1(a) (West 2007); Fink, 192 F.3d at 914. The Ninth Circuit has ruled that the 1995 amendment applies retroactively, except that claims which

accrued prior to January 1, 1995, are tolled for two years from the date of accrual or until January 1, 1995, whichever occurs later.  Fink, 192 F.3d at 915-16.  The statute of limitations begins to run immediately after the prisoner's incarceration ends or immediately after the two-year maximum period of tolling for incarceration ends, whichever comes first.  See Cabrera v. City of Huntington Park, 159 F.3d 374, 378-79 (9th Cir. 1998) (per curiam).

In this case, plaintiff's claims of excessive force and discrimination accrued on November 30, 1987, when the cell extraction occurred.  Under California law in effect at the time, the statute of limitations would have been tolled during plaintiff's entire incarceration.  If plaintiff was still incarcerated on January 1, 1995, when the law changed, tolling ended for plaintiff's claims on that date and plaintiff was required to file suit on his claims arising from the November 30, 1987 incident within one year after January 1, 1995.  Plaintiff did not bring this action on or before January 1, 1996, and the statute of limitations expired on that date, unless it expired prior to that date due to termination of plaintiff's incarceration.  Plaintiff has alleged no facts showing that the statute of limitations should be tolled for any additional reason for any additional time.  This action is therefor barred by the statute of limitations, and amending the complaint would be futile.  For these reasons, the undersigned will recommend that this action be dismissed with prejudice.

In reviewing the court's file, the undersigned noted that an amended complaint was filed in this case on November 22, 2006.  However, a review of the pleading reveals that plaintiff intended to file it in case No. CIV S-06-2153 FCD GGH P, an action arising out of an incident that occurred at New Folsom Prison on June 18, 1987.  By order filed in case No. CIV S-06-2153 on October 31, 2006, plaintiff's complaint was dismissed with 30-days leave to amend.  The amended complaint received by the court on November 22, 2006, concerns only the June 18, 1987 incident and defendants involved in that incident.  Due to plaintiff's failure to include any case number on his amended complaint, the Clerk filed the amended complaint in both of plaintiff's cases.  The amended complaint was filed in this case in error and will be

1  disregarded.  Plaintiff is cautioned that all subsequent documents submitted for filing in this
2  court must include plaintiff's name and address in the upper left corner, a caption that includes
3  the names of plaintiff and the defendants in the case in which the document is to be filed, and the
4  complete case number assigned to the case in which the document is to be filed.  Documents that
5  do not meet these requirements may be stricken or disregarded.
6            IT IS HEREBY ORDERED that:
7            1.  Plaintiff's application for leave to proceed in forma pauperis is granted;
8            2.  The amended complaint filed in this case in error on November 22, 2006, will
9  be disregarded; and
10           IT IS RECOMMENDED that this action be dismissed with prejudice for failure to
11 state any claim upon which relief may be granted and for failure to bring the action within the
12 applicable statute of limitations.
13           These findings and recommendations are submitted to the United States District
14 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
15 days after being served with these findings and recommendations, plaintiff may file written
16 objections.  A document containing objections should be titled "Objections to Magistrate Judge's
17 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
18 specified time may, under certain circumstances, waive the right to appeal the District Court's
19 order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
20 DATED: June 1, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

24 DAD:kw
   Ddad1\orders.prose\robinson2152.ifpgr.f&r